Filed 4/1/14  In re Luis N. CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re LUIS N., JR., et al., Persons Coming Under the Juvenile Court Law. | D064787 |
| SAN DIEGO COUNTY HEALTH AND HUMAN SERVICES AGENCY,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>LUIS N., SR.,<br><br>Defendant and Appellant. | (Super. Ct. No. J517834A & E) |

APPEAL from orders of the Superior Court of San Diego County, Laura J. Birkmeyer, Judge.  Affirmed.

Katherine A. Clark, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas E. Montgomery, County Counsel, John E. Philips, Chief Deputy County Counsel, and Patrice Plattner-Grainger, Deputy County Counsel, for Plaintiff and Respondent.

Luis N., Sr., (the father) appeals juvenile court jurisdictional and dispositional orders concerning his children, Luis N., Jr., and Esmeralda N.  He contends the evidence was

insufficient to support the jurisdictional orders and the court's issuance of a three-year restraining order.  We affirm the orders.

FACTUAL AND PROCEDURAL BACKGROUND

*First Dependency Proceeding*

On June 15, 2010, the San Diego County Health and Human Services Agency (the Agency) petitioned under Welfare and Institutions Code[1] section 300, subdivision (e), on behalf of three-month-old Luis, alleging the father had inflicted severe physical abuse on Luis, causing him to suffer bilateral subdural hemorrhages and elevated intracranial pressure.  Luis was placed in an induced coma and was on a ventilator.

The father said Luis had been crying and stopped breathing when he picked him up, so he shook him to wake him and called 911.  Luis's mother, Juanita V., denied that the father shook Luis or could have caused the injuries.  Juanita's 10-year-old daughter, Isabel C., said she had seen the father spank Luis and say, "shut the fuck up."  The father was taken into custody on charges of felony child abuse.  Luis was placed in foster care.

The court found the allegations of the petition true, declared Luis a dependent child of the court, ordered services and supervised visits for Juanita, denied services for the father, ordered Luis placed in foster care, and ordered no contact between the father and Luis and between the father and Juanita's four older children.

Juanita participated in services and had regular visits with Luis.  She developed a safety plan and said she would not let the father back in the family home or allow him to have any contact with the children after he was released from jail.  On August 2, 2011, the court ordered

---

1    All further statutory references are to the Welfare and Institutions Code.

Luis placed with Juanita with family maintenance services. On November 8, 2011, the father was convicted of misdemeanor child cruelty, sentenced to four years' formal probation, and ordered to complete a 52-week domestic violence program. A restraining order prohibited him from having contact with Luis. On January 30, 2012, the court awarded custody of Luis to Juanita and terminated dependency jurisdiction.

*Second Dependency Proceeding:*

On June 26, 2013, the Agency petitioned under section 300, subdivision (j), on behalf of then three-year-old Luis and his one-year-old sister, Esmeralda N., based on allegations the father had sexually abused their 13-year-old half sister, Isabel. The petitions alleged the father had rubbed Isabel's breasts, buttocks and inner thighs while exposing his erect penis; placed his hands inside her pants while she was in bed with him; and had her touch his penis while he was in the shower. The petitions further alleged Juanita had allowed the father to live in the family home even though she knew about the molestation allegations and the restraining order prohibiting him from having contact with Luis, and she allowed him to have telephone contact with Isabel after he was incarcerated for the molestation allegations.

The Agency also filed petitions on behalf of Isabel and on behalf of Luis and Esmeralda's other half siblings, 10-year-old Fernando C. and 16-year-old Beatriz C. The social worker's report and a police report described how the father had sexually abused Isabel for two years. The father denied sexually abusing Isabel. He told the social worker he had been released in February 2011 from custody for his abuse of Luis, and, initially, he had not been aware of the restraining order.

3

At the detention hearing on June 27, 2013, the court ordered the children detained with Juanita and, at Juanita's counsel's request, issued a temporary restraining order protecting her and the children from the father.

On July 17, 2013, the Agency filed amended petitions under section 300, subdivision (a), on behalf of Luis and Esmeralda, adding they were at serious risk of physical abuse based on the father's infliction of serious physical harm on Luis as evidenced by the true finding under section 300, subdivision (e), in the earlier dependency petition. The petitions further alleged the father had moved back into the family home in violation of the restraining orders.

When the social worker met with Juanita, she defended the father and denied he had sexually abused Isabel, but she also said she did not believe Isabel was lying. During a forensic interview, Isabel recanted. She said she had lied about the sexual abuse allegations and wanted to stay in the family home. The police child abuse detective observed Isabel was worried the family would be broken apart and she would have to live with her abusive biological father. It was noted the father telephoned Juanita 16 times between the time he was placed in custody on May 31 and June 6.

Juanita said the father had moved back into the family home in June 2011. She said she had him move out in August when she discovered the restraining order was still in place. Beatriz said the father visited the home every two to three weeks. She said Isabel had told her of being molested, but did not provide any details. Beatriz said the father had never inappropriately touched her.

At the contested jurisdictional and dispositional hearing in September and October 2013, the court received the documentary evidence and took judicial notice of the restraining

4

order and of the findings and orders of the earlier case concerning Luis. After considering the evidence and argument by counsel, the court found the allegations of the petitions to be true. For the disposition portion of the hearing, the social worker's supervisor testified Juanita had been participating in services and following the restraining order. The father was in custody at the time of the hearing. After hearing additional argument by counsel, the court declared Luis and Esmeralda dependent children and ordered them placed with Juanita on condition she comply with the court orders. It removed physical custody from the father, denied him reunification services and issued an order restraining him from contact with Juanita or the children for three years.

DISCUSSION

I

The father contends the evidence was insufficient to support the jurisdictional orders. He argues the evidence was insufficient to show Luis and Esmeralda were at risk under section 300, subdivision (a), based on the 2010 finding that Luis was at risk under subdivision (e). He also asserts the evidence was insufficient to support finding Luis and Esmeralda were at risk under section 300, subdivision (j), based on the finding that Isabel was at risk under subdivision (d).

A reviewing court must uphold a juvenile court's findings and orders if they are supported by substantial evidence. (*In re L.Y.L.* (2002) 101 Cal.App.4th 942, 947.) " ' " ' "The rule is clear that the power of the appellate courts begins and ends with a determination as to whether there is any substantial evidence, contradicted or uncontradicted, which will support the conclusion reached by the trier of fact." [Citation.]' " ' " (*In re Tanis H.* (1997) 59

5

Cal.App.4th 1218, 1227.) "[W]e must indulge in all reasonable inferences to support the findings of the juvenile court [citation], and we must also ' . . . view the record in the light most favorable to the orders of the juvenile court.' " (*In re Luwanna S.* (1973) 31 Cal.App.3d 112, 114.) The appellant bears the burden to show the evidence is insufficient to support the court's findings. (*In re Geoffrey G.* (1979) 98 Cal.App.3d 412, 420.)

The focus of the dependency statutes is to prevent harm to the child. (*In re Jamie M.* (1982) 134 Cal.App.3d 530, 536.) The purpose of dependency law is to "provide maximum safety and protection for children who are currently being physically, sexually, or emotionally abused, [or] neglected . . . and to ensure the safety, protection, and physical and emotional well-being of children who are at risk of that harm." (§ 300.2.) A petition is brought on behalf of the child, not to punish the parents. (*In re La Shonda B*. (1979) 95 Cal.App.3d 593, 599.)

Section 300, subdivision (a), provides that a child comes within the juvenile court's jurisdiction if the child has suffered or is at substantial risk of suffering serious physical harm inflicted nonaccidentally by the child's parent or guardian. The court is required to find the allegations of the petition true by a preponderance of the evidence. (*In re Lana S.* (2012) 207 Cal.App.4th 94, 103.)

The petitions concerning Luis and Esmeralda alleged that between September 2011 and the present, they had been at risk of serious physical harm based on a true finding under section 300, subdivision (e), that the father had severely physically abused Luis in 2010 and a restraining order required him to have no contact with Luis, but the father had moved back into the family home. The court found the allegations true by clear and convincing evidence.

6

Substantial evidence supports the court's jurisdictional findings. The court took judicial notice of the true findings on the 2010 petition under section 300, subdivision (e), concerning Luis and considered the severity of the abuse the father had inflicted on him; the father's history of violence, failure to benefit from services and lack of understanding of how to care for a child; and Luis and Esmeralda's young ages. These factors constitute substantial evidence to support the jurisdictional findings.

Substantial evidence also supports the jurisdictional findings under section 300, subdivision (j). Section 300, subdivision (j), provides a child comes within juvenile court jurisdiction when "[t]he child's sibling has been abused or neglected, as defined in subdivision (a), (b), (d), (e), or (i), and there is a substantial risk that the child will be abused or neglected, as defined in those subdivisions." Section 300, subdivision (j), is intended to expand the grounds for exercise of jurisdiction to children whose siblings have been abused or neglected as defined by subdivision (a), (b), (d), (e) or (i) of section 300, and its application is not limited to the risk that describes the abuse or neglect of the sibling. (*In re I.J.* (2013) 56 Cal.4th 766, 774.)

The nature of the abuse or neglect of the sibling is only one of the factors to consider in assessing whether the child is at substantial risk. (*In re I.J., supra,* 56 Cal.4th at p. 774.) Factors also include "the circumstances surrounding the abuse or neglect of the sibling, the age and gender of each child . . . , the mental condition of the parent or guardian, and any other factors the court considers probative in determining whether there is substantial risk to the child." (§ 300, subd. (j); *In re I.J.,* at p. 774.) Subdivision (j) implies that the more egregious

7

the abuse of a child, the more appropriate it is for the court to assume jurisdiction over the siblings. (*In re I.J.,* at p. 778.)

The petitions under section 300, subdivision (j), alleged the father had sexually abused the children's sibling, Isabel, between September 2011 and May 25, 2013, and Juanita did not protect her. The court noted Isabel had reported the abuse to her friend and to her sister, and she later provided more details of the abuse to the police investigator and the social worker.

We reject the father's argument that because Isabel recanted her accusations, the court erred by finding the allegations of sexual abuse to be true. The court expressly considered the recantations and determined they were not true. The social worker noted children may recant or retract accusations of abuse for several reasons, including "feelings of disloyalty to the family; disbelief by the non-offending caregiver; feelings of concern about the alleged perpetrator; self blame for the abuse; anger from siblings and other family members; and fears about what may happen . . . ."

The social worker noted several of the factors listed above were present. Isabel and her siblings had been removed from the home after the first dependency petition, she was afraid of being placed with her biological father, Juanita did not support her, and Isabel said the father was like a father to her. Isabel told the police detective she felt responsible for the father going to jail when Luis was injured, and she was worried about her family being broken apart again. The evidence of the father's sexual abuse of Isabel provides substantial evidence that Luis and Esmeralda were at substantial risk under section 300, subdivision (j).

The father argues the evidence was not sufficient to show that Luis, as a male child, would be at risk based on allegations the father sexually abused Isabel. His argument is not

8

persuasive. The father's actions were egregious and prolonged. He began sexually abusing Isabel in the family home when he moved there after his release from jail for physically abusing Luis. His abuse of her included several incidents and continued over an extended period of time. The nature of the sexual abuse and Luis and Esmeralda's vulnerability as young children provide substantial evidence to support the court's finding that both Luis and Esmeralda were at substantial risk of abuse under section 300, subdivision (j).

## II

The father asserts substantial evidence does not support the order restraining him from contact with Juanita and all of her children for three years. He claims the restraining order is not supported by sufficient evidence and it is overly broad and excessive.

The court's issuance of a restraining order is reviewed for substantial evidence. (*In re C.Q.* (2013) 219 Cal.App.4th 355, 364.) " '[W]e view the evidence in a light most favorable to the respondent, and indulge all legitimate and reasonable inferences to uphold the juvenile court's determination. If there is substantial evidence supporting the order, the court's issuance of the restraining order may not be disturbed.' " (*Ibid.*; *In re Cassandra B.* (2004) 125 Cal.App.4th 199, 210-211.)

Substantial evidence supports the restraining order. The order required the father to have no contact with Juanita or any of the children and to stay at least 100 yards away from them, from Juanita's place of employment and her car, and from the children's school. The father's physical abuse of Luis and sexual abuse of Isabel had occurred in the family home, Juanita was not protective of the children, and the father had violated criminal court restraining

9

orders.  The order was necessary to protect Luis and Esmeralda.  It is supported by substantial evidence.

## DISPOSITION

The orders are affirmed.

MCDONALD, J.

WE CONCUR:

HALLER, Acting P. J.

IRION, J.